The facts of this case sufficiently appear in the opinion oí the court, which was delivered by —
Shaw, C. J.
This is an action, brought in the court of common pleas, to recover a large amount of money, considerably greater than the $600 required to give jurisdiction to this court.
The writ was made returnable on the first Monday of February last. An answer was filed in due course, and various proceedings were had in the case in the court of common pleas. The case was then, upon the affidavit of the defendant, according to the provisions of the act of 1840, c. 87, removed to this court, but the order for such removal was not passed till the second day of March current. Now, by the provisions of that act, the application for removal is to be made at the first term of the court to which the writ is returnable, and the action is to be entered at the term of this court holden next after such removal.
*404 To change the jurisdiction of the court, it seems to be nec-sssary, by implication, that the whole jurisdiction should be shanged, and the papers wholly transferred from that court, to this. Here the writ was returnable on the first Monday of February, which is. the commencement of no term. It is sim-ily the return day of the writ, and the statute of 1851, c. 233, provides that the days on which the terms commence shall no longer be considered return days. Then the provision of the statute of 1840 is, that the party shall enter it at the next term of this court. There has been no first term of the court of common pleas after the entry of this action.
It is a matter of delicacy to say how it should rightly be removed, and the court give no opinion upon this point. There are certain things expressly required to be done by the clerk, by the latter statute, but it does not make him a judge. He has no power, in a case of this description, except to remove the papers and file them in this court.
The question then is, whether the words “ the next term ” of this court import this March term or the next term, in November. There are no fractions of a day to be reckoned in this case. This term commenced on the first Tuesday, the second day, of March, and the order for the removal of the action was passed on the same day, by the cotut of common pleas. There is no case directly in point, as, indeed, under so recent a statute, there scarcely could be. But there are various analogies to be drawn from other cases. Where, for instance, the entry of an award was the first act which brought a case within the jurisdiction of the court, and by statute, the entry was to be made at the next term after the award was agreed upon, the court could not take cognizance of the award, if entered afterwards. Again, all crimes must be first inquired into by the court of common pleas. And where an indictment was there found, and was by law to be returned to the nvxt term of this court, it appeared that the term of the court rf common pleas commenced on Monday, and the term of th t court on the succeeding Tuesday; and the indictment was found on Wednesday or Thursday. All parties were willing ind desirous that the case should be en *405 tered at this court as speedily as possible; and the transfer of the trial from Cambridge, in the neighborhood of which the offence was charged to have been committed, and where this court was then held, to Lowell, where the next term was to be held, would occasion great inconvenience to the parties and their witnesses. Yet the court decided that it had no jurisdiction, and could not take jurisdiction of the case at that term.
A. B. Ely, for the plaintiff.
G. P. Curtis, Jr. for the defendant.
Where the case is within the jurisdiction and under the cognizance of the court, „ almost anything may be done by consent, but where there is no jurisdiction, there can be no consent.
The motion to enter the action at this term is therefore overruled, and it must stand for entry at the next term.